Argued and submitted August 12, 1992, affirmed June 2, 1993

In the Matter of Eric Bodell,
Alleged to be a Mentally Ill Person.

STATE OF OREGON,
*Respondent,*

*v.*

Eric BODELL,
*Appellant.*

(M-553; CA A72272)

853 P2d 841

Steven H. Gorham, Salem, argued the cause and filed the brief for appellant.

John R. Payne, Certified Law Student, Salem, argued the cause for respondent. With him on the brief were Charles S. Crookham, Attorney General, Virginia L. Linder, Solicitor General, and Michael D. Reynolds, Assistant Attorney General, Salem.

Before Richardson, Chief Judge, and Deits and Durham, Judges.

RICHARDSON, C. J.

## RICHARDSON, C. J.

■   Appellant appeals from an involuntary commitment order. ORS 426.130. He argues that the trial court erred in finding that he is mentally ill, ORS 426.005(2), and in prohibiting him from purchasing or possessing a firearm. ORS 426.130(1)(b)(D). We review *de novo, State v. O'Neill*, 274 Or 59, 61, 545 P2d 97 (1976), and affirm.

A mental health examiner diagnosed appellant as suffering from paranoid schizophrenia. Appellant believes that he is the Lord and has been chosen to rule the world. Before hospitalization, appellant said that he wanted to "sacrifice" his 1 1/2-year-old child and told his pregnant wife that she and her unborn child would die, because they were "evil." He also apparently tried to hit his wife while telling her that God was striking her. Frightened by his threats, appellant's wife left their home and obtained a restraining order.

Appellant was hospitalized after he frightened an acquaintance. He opened the unlocked door of the person's home at 1 a.m. while she was sleeping and asked her if she "believed that the power of good and God was stronger than the power of evil and Satan."

In his first assignment of error, appellant argues that the court erred in finding that he was dangerous to others, under ORS 426.005(2). He contends that, although he may have "mental problems" and "liked to talk in a somewhat weird manner," he did not act violently and, consequently, was not dangerous.

■■   Specific acts of violence are not required to establish that appellant is dangerous, as long as there is "ample evidence to form a foundation for predicting" future violent behavior. *State v. Pieretti*, 110 Or App 379, 383, 823 P2d 426 (1991), *rev den* 313 Or 354 (1992). Such evidence exists in this case. As the result of his delusions, appellant threatened serious bodily harm to his child, his pregnant wife and her unborn child. His wife feared for her own safety and that of her children. A psychiatrist who examined appellant testified that there was an actual danger that he would act on his delusional beliefs. The court did not err in concluding that appellant was dangerous to others and was mentally ill.

In his second assignment, appellant argues that the trial court erred in prohibiting him from purchasing or possessing a firearm, under ORS 426.130(1)(b)(D). That statute provides that, once the court finds a person to be mentally ill, it

> "[s]hall order that the person be prohibited from purchasing or possessing a firearm if, in the opinion of the court, the prohibition is necessary as a result of the person's mental or psychological state as demonstrated by a past pattern of behavior or participation in incidents involving unlawful violence or threats of unlawful violence, or by reason of a single incident of extreme, violent, unlawful conduct."

Appellant asserts that there is no evidence of actual violence or a past pattern of threats involving unlawful violence. We disagree. About a year before the hearing, appellant told an acquaintance that he would like to use an "uzi" on his wife. He threatened to harm family members shortly before his hospitalization and, on the day before his wife left him, he tried to hit her. Those events establish a pattern of behavior involving threats of unlawful violence that result from his delusional ideation.[1]

Appellant also argues that ORS 426.130(1)(b)(D) is unconstitutional as applied, because it restricts his right to bear arms. Because appellant raises this issue for the first time on appeal, we decline to address it.

Affirmed.

---

[1] Appellant also contends that there is no evidence that any violent tendencies he may have are related to the use of firearms. Consequently, there is no basis to prohibit him from possessing or purchasing firearms. The statute does not require that predicate to the prohibition.