***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Submitted December 5, affirmed December 29, 2022

In the Matter of J. R. S.,
a Person Alleged to have Mental Illness.
STATE OF OREGON,
*Respondent,*

*v.*

J. R. S.,
*Appellant.*

Lane County Circuit Court
21CC07277; A177745

Charles M. Zennaché, Judge.

Joseph R. DeBin and Multnomah Defenders, Inc., filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Shannon T. Reel, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

TOOKEY, P. J.

Affirmed.

**TOOKEY, P. J.**

Appellant seeks reversal of a judgment committing her involuntarily to Oregon Health Authority for up to 180 days. The trial court entered that judgment after it determined that appellant has a mental disorder that makes her dangerous to others. On appeal, appellant does not challenge the trial court's determination that she has a mental disorder; rather, in a single assignment of error, appellant argues that the evidence in the record is legally insufficient to show that her mental disorder makes her dangerous to others. We affirm.

Neither party has requested that we review this matter *de novo*, nor do we conclude that this is an "exceptional" case that warrants doing so; therefore, we review the trial court's determination for legal error, and we "view the evidence, as supplemented and buttressed by permissible derivative inferences, in the light most favorable to the trial court's disposition and assess whether, when so viewed, the record was legally sufficient to permit that outcome." *State v. D. L.*, 317 Or App 763, 764, 505 P3d 1101 (2022).

Reviewing under that standard, we conclude that the evidence is legally sufficient to establish that appellant is dangerous to others. "To establish that a person is dangerous to others, for purposes of civil commitment, the evidence must be sufficient to establish by clear and convincing evidence that actual future violence is highly likely." *State v. S. R. J.*, 281 Or App 741, 754, 386 P3d 99 (2016) (internal quotation marks omitted); *see also State v. S. E.*, 313 Or App 678, 682, 496 P3d 1140 (2021) ("[A] person is dangerous to others if her mental disorder makes her highly likely to engage in future violence toward others, absent commitment." (Brackets and internal quotation marks omitted.)). "Frequently, we have found that multiple violent acts or a violent act coupled with additional threats will demonstrate that a person is highly likely to engage in future violence," *D. L.*, 317 Or App at 766; however, a trial court is "not required to wait until appellant actually harm[s] someone before finding her to be dangerous to others," *S. E.*, 313 Or App at 683-84 (brackets and internal quotation marks omitted).

Here, the evidence adduced in the trial court shows that, over the course of a roughly two-and-one-half-week period preceding the commitment hearing, appellant attempted to physically assault her boyfriend, a police officer, a crisis intervention worker, and two doctors; succeeded in physically assaulting her mother, a grocery store employee, and a hospital staffer; and verbally threatened to assault several nurses and hospital technicians. Appellant was physically assaultive toward hospital staff six or seven days before the hearing and was verbally assaultive toward hospital staff two days before the hearing. Further, a psychiatrist testified that appellant has refused to take some of the psychiatric medicines prescribed to her; that appellant's refusal to take those medicines is detrimental to appellant's treatment; that the symptoms of appellant's mental disorder—including disorganized speech, behavior, and thought processes—have not resolved yet; and that, due to appellant's "impulsivity" and how quickly appellant becomes "agitated and threatening," she is concerned about "how things are going to go if [appellant] is outside of the hospital with people that are not trained to handle *** that level of agitation." We conclude that, in sum, that evidence is legally sufficient to support the trial court's determination that appellant was a danger to others.

Affirmed.