***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Argued and submitted June 6, affirmed July 19, 2023

In the Matter of T. A. C.,
a Person Alleged to be Extremely Dangerous
with Mental Illness.

STATE OF OREGON,
*Respondent,*

*v.*

T. A. C.,
*Appellant.*

Multnomah County Circuit Court
22CC01066; A178707

Nan G. Waller, Judge.

Liza Langford argued the cause and filed the brief for appellant.

Carson L. Whitehead, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

Appellant challenges a judgment committing him to the jurisdiction of the Psychiatric Security Review Board (PSRB) for up to 24 months. *See* ORS 426.701 (authorizing the commitment of an "extremely dangerous person"). Appellant raises three assignments of error on appeal. First, appellant argues that the evidence is insufficient to support a finding that he is an "extremely dangerous person" under ORS 426.701(3)(a). Second, appellant argues that ORS 426.701 is unconstitutional, because it is criminal in nature yet fails to afford the protections of a criminal trial such as requiring proof beyond a reasonable doubt or the right to have a trial by jury. Third, appellant argues that ORS 426.701 is unconstitutionally vague. We affirm.

Appellant was charged with murder in the second degree, ORS 163.115, for killing his mother. Appellant was experiencing delusions that his mother was a "demon," forcing him to defend himself by killing and disfiguring her. The trial court determined that appellant met the requirements for an "extremely dangerous person" and committed him to the jurisdiction of the PSRB.

In determining whether the record was sufficient to find by clear and convincing evidence that appellant qualified as an extremely dangerous person, we "view the evidence, as supplemented and buttressed by permissible derivative inferences, in the light most favorable to the trial court's disposition and assess whether, when so viewed, the record was legally sufficient to permit that outcome." *State v. M. J. F.*, 306 Or App 544, 545, 473 P3d 1141 (2020) (citation and internal quotation marks omitted). Whether ORS 426.701 is unconstitutional is a question of law. *See State v. Howard,* 325 Or App 696, 701, 529 P3d 247 (2023) (reviewing as a question of law whether a statute was unconstitutionally vague).

Beginning with the first assignment of error, appellant contests the trial court's finding that appellant is extremely dangerous under ORS 426.701(1)(a).[1] Appellant

---

[1] ORS 426.701(1)(a) provides that a person is "extremely dangerous" if the person:

contends that the medical examination focused on appellant's past dangerous act as predicting future dangerousness, and that past dangerous acts are insufficient to make a finding of future dangerousness.[2] "A person is dangerous to others *** if his mental disorder makes [him] highly likely to engage in future violence toward others, absent commitment," and "[t]hat determination is based on the person's condition at the time of the hearing as understood in the context of his history." *State v. E. J. J.*, 308 Or App 603, 612, 479 P3d 1073 (2021) (second brackets in original; citations and internal quotation marks omitted).[3] Here, the record reflects that appellant's mental health has not changed significantly since he entered the hospital and that his ongoing delusions and paranoia are similar to those he had when he killed his mother. Appellant continues to believe that his life is in danger and, according to expert testimony, would likely act on those ideations in a similar manner outside a secure environment. *See State v. D. L.*, 317 Or App 763, 766, 505 P3d 1101 (2022) (evidence supported trial court's conclusion that appellant was dangerous to others when appellant

---

"(A)  Is at least 18 years of age;

"(B)  Is exhibiting symptoms or behaviors of a qualifying mental disorder substantially similar to those that preceded the act described in subsection (3)(a)(C) of this section; and

"(C)  Because of a qualifying mental disorder:

"(i)   Presents a serious danger to the safety of other persons by reason of an extreme risk that the person will inflict grave or potentially lethal physical injury on other persons; and

"(ii)  Unless committed, will continue to represent an extreme risk to the safety of other persons in the foreseeable future."

[2] Appellant also contests the methodology used for the medical examination of appellant. However, appellant does not offer a legal basis for concluding that ORS 426.701 requires his preferred methodology. Specifically, appellant does not explain why it was insufficient for the mental health examiner to rely on a number of exhibits, such as a recorded interview with the Portland Police Bureau and interactions with medical staff at the Oregon State Hospital.

[3] Although the standard for dangerousness in a civil commitment differs from the standard outlined in the "extremely dangerous person" commitment statute, we find our case law applying that standard helpful in our analysis of whether the state met its burden to establish that appellant was "extremely dangerous." *Compare* ORS 426.005(f)(A) (a "'[p]erson with mental illness' means a person who, because of a mental disorder, is *** [d]angerous to self or others") *with* ORS 426.701(1)(a)(C)(i) (for a person to qualify as "extremely dangerous," they must "[p]resent[] a serious danger to the safety of other persons by reason of an extreme risk that the person will inflict grave or potentially lethal physical injury on other persons").

engaged in additional threatening behaviors based on the same psychotic and delusional thinking that motivated attack that precipitated commitment); *State v. T. M.*, 296 Or App 703, 713, 437 P3d 1197 (2019) ("A past violent act 'must provide a foundation to predict future dangerousness,' not merely have occurred, to support a determination that a person is dangerous to others due to a mental disorder." (Quoting *State v. L. R.*, 283 Or App 618, 625, 391 P3d 880 (2017).)). We therefore conclude that the evidence in the record is sufficient to establish that appellant is "extremely dangerous" under ORS 426.701(1)(a) and reject appellant's first assignment.

We also reject appellant's second assignment of error that the state and federal constitutions require the protections associated with criminal statutes. A state may generally employ civil commitment statutes "without turning these into criminal cases, so long as the detention is for a non-punitive purpose and ends with that purpose." *Brown v. Multnomah County Dist. Ct.*, 280 Or 95, 103, 570 P2d 52 (1977). Here, although the trial court's decision was influenced by appellant's previous act of killing his mother, the trial court ordered commitment because appellant continues to present an extreme risk to the safety of other persons for the foreseeable future. That rationale for appellant's commitment is not punitive, and the commitment is only as long as he qualifies as an "extremely dangerous person" under ORS 426.701. *See* ORS 426.701(6)(d) (providing that if the board determines that the person no longer suffers from a qualifying mental disorder or is no longer extremely dangerous, "the board shall discharge the person"). Appellant's argument under the federal constitution is similarly unavailing. *See Addington v. Texas*, 441 US 418, 431, 99 S Ct 1804, 60 L Ed 2d 323 (1979) (proof beyond a reasonable doubt not constitutionally required in civil commitment proceedings).

We reject appellant's third assignment of error, which contends that ORS 426.701 is unconstitutionally vague, because it is unpreserved. *See* ORAP 5.45(1) ("No matter claimed as error will be considered on appeal unless the claim of error was preserved in the lower court[.]").

Affirmed.