398 May 1, 2024 No. 283

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of D. H.,
a Person Alleged to have Mental Illness.

STATE OF OREGON,
*Respondent,*

*v.*

D. H.,
*Appellant.*

Lane County Circuit Court
22CC06523; A180059

Beatrice Grace, Judge.

Submitted February 26, 2024.

Joseph R. DeBin and Multnomah Defenders, Inc., filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Greg Rios, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Egan, Judge, and Kamins, Judge.

EGAN, J.

Affirmed.

**EGAN, J.**

Appellant seeks reversal of an order involuntarily committing him to the Mental Health Division at the Oregon Health Authority for a period of up to 180 days, arguing that the evidence was not sufficient to prove that he suffered from a mental disorder that makes him a danger to himself or others. *See* ORS 426.130(1)(a)(C), (2); ORS 426.005(1)(f)(A). We conclude the record contains legally sufficient evidence to support the trial court's determination that appellant was a danger to others within the meaning of ORS 426.005(1)(f)(A), and we therefore affirm.

When we decline to review *de novo*, as we do here, we view the evidence in the light most favorable to the trial court's disposition, supplemented and buttressed by permissible derivative inferences. *State v. D. L.*, 317 Or App 763, 764, 505 P3d 1101 (2022). We review whether the evidence is legally sufficient to support a determination that appellant is "dangerous" for purposes of ORS 426.005(1) as a matter of law. *State v. R. L. W.*, 267 Or App 725, 728, 341 P3d 845 (2014) (citation omitted). We are "'bound by the trial court's findings of historical fact that are supported by any evidence in the record[.]'" *State v. M. J. M.*, 301 Or App 638, 639, 456 P3d 363 (2020) (quoting *State v. R. E.*, 248 Or App 481, 483, 273 P3d 341 (2012)).

The record contains evidence that 34-year-old appellant suffered from longstanding diagnosed Bipolar I disorder with mania and "psychotic features." His psychiatric symptoms include disorganized, delusional, and grandiose thinking, which make him believe that he is authorized to mete out "justified killings" upon the orders of a series of inner voices and spectral communications by which he receives "his missions." Appellant does not believe he has a mental illness and refuses his prescribed anti-psychotic medications.

Between September and October 20, 2022, appellant's symptoms began to escalate. Appellant went on a long, 10-hour walk to areas where his named targets for "justified killings" worked; he made specific threats to kill particular individuals who he knew and who worked at the places

where he visited; and he made attempts to gain access to firearms.

When community resource intervention failed and appellant's conduct continued to escalate, the police intervened and decided to initiate a "peace officer hold." Appellant resisted the police officer's attempts to take him into custody, which led to additional police backup and eventually required the administration of several "focus blows" to appellant's body for officers to take appellant to the ground and handcuff him. During his hospitalization prior to the commitment hearing, appellant repeated his belief that he had personal authorization to execute "justice killings," but he was not physically aggressive to staff or other patients.

At the commitment hearing, the treating psychiatric nurse practitioner testified that appellant refused medications while he was hospitalized, appellant would continue to decompensate without treatment and medications, and appellant would pose a danger to others if released from the hospital. At the conclusion of the hearing, the trial court determined that, based on "the totality of the circumstances," there was clear and convincing evidence that appellant is a danger to others and ordered appellant's commitment to the Oregon Health Authority for a period of time not to exceed 180 days. The trial court specifically pointed to the totality of facts that included appellant's threats to kill people who he knew, his continuous talk about "justice killings," his recent attempt to obtain firearms, and appellant having visited places where he could find the people against whom he made particularized threats of death.

As noted above, on appeal, appellant contends that a person may not be civilly committed on the basis of a mental disorder alone, and the record in this case lacks clear and convincing evidence that appellant is dangerous to others due to a mental disorder. *State v. S. D. M.*, 198 Or App 153, 161, 107 P3d 683 (2005). Appellant argues that his threats against others and his beliefs about justified killings were not sufficient, on their own, to prove that appellant was dangerous to others when appellant never attempted to physically harm anyone, because speculation of what he "could" do or "might do" is insufficient to meet the dangerousness

standard. *State v. M. R.*, 225 Or App 569, 575-76, 202 P3d 221 (2009).

A person may not be involuntarily committed unless the trial court finds by clear and convincing evidence that the person is a "person with mental illness," and treatment by the Oregon Health Authority is in the person's best interest. ORS 426.130(1)(a)(C). A "person with mental illness" is someone who suffers from a "mental disorder," and as a result of that disorder, is a danger to self or others. ORS 426.005(1)(f)(A). A person is a danger to others if their mental disorder makes the person

> "highly likely to engage in future violence toward others, absent commitment. That determination is based on the person's condition at the time of the hearing as understood in the context of [the person's] history. Further, conclusions about appellant's dangerousness based on conjecture are not enough; actual future violence must be highly likely. Evidence of past violent acts must provide a foundation to predict future dangerousness, not merely describe past isolated incidents."

*State v. S. E.*, 313 Or App 678, 682, 496 P3d 1140 (2021) (internal quotation marks and citation omitted). "Specific acts of violence are not required to establish that appellant is dangerous, as long as there is ample evidence to form a foundation for predicting future violent behavior." *State v. Bodell*, 120 Or App 548, 550, 853 P2d 841 (1993) (internal quotation marks and citation omitted). "Apprehensions, speculations, and conjecture are not sufficient to prove a need for civil commitment." *State v. Ayala*, 164 Or App 399, 404, 991 P2d 1100 (1999). The determination must focus on the appellant's condition at the time of the hearing. *State v. Lucas*, 31 Or App 947, 950, 571 P2d 1275 (1977) (citations omitted). The question for this court is whether, under the clear and convincing evidence standard of proof, a rational factfinder could have found that it was highly probable that appellant was a danger to others because of a mental disorder. *S. E.*, 313 Or App at 683.

In this case, the state presented evidence that appellant requested to go shooting with his father, who owns guns; visited places where he believed that he could

locate people against whom he made threats; threatened to kill those people under authorization from spectral *others*; and physically struggled with police before his initial commitment. In addition, at the commitment hearing, appellant continued to believe that he was authorized to commit "justified killings," and he refused treatment to address his mental health symptoms. Before the trial court and on appeal, appellant dealt with each of these threats separately—as if they stood alone—rather than viewing them in their totality.

Although this is a close case, resolving all inferences in favor of the trial court's disposition, this record is sufficient to permit a rational factfinder to conclude that it is highly probable that appellant presents a danger to others in accordance with ORS 426.130(1)(a)(C) and ORS 426.005 (1)(f)(A). Although appellant did not engage in "acts of violence," we have noted that a "trial court [is] not required to wait until appellant actually harmed someone before finding [appellant] to be a danger to others." *State v. K. S.*, 223 Or App 476, 486, 196 P3d 30 (2008). Appellant's behavior prior and up to the commitment hearing provided the trial court sufficient evidence to determine that appellant was "highly likely to engage in future violence toward others, absent commitment[,]" *S. E.*, 313 Or App at 682, particularly as it could have found that appellant's conduct was "escalating toward violence." *State v. J. D.*, 315 Or App 316, 321, 499 P3d 113 (2021). Therefore, the trial court did not err in determining that appellant suffered from a mental disorder that makes him a danger to others.

Affirmed.